**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**Malcolm Jackson,**

**Plaintiff,**

**v.**

**Acting Attorney General Todd Blanche, et al.,**

**Defendants.**

**Case No. 2:26-cv-1524**

**District Judge Douglas R. Cole**
**Magistrate Judge Kimberly A. Jolson**

**REPORT AND RECOMMENDATION**

On October 22, 2026, Plaintiff filed this action alleging an adverse employment action and misconduct by the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives. (Doc. 1-1). Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis*. (Doc. 1).

The Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, set forth the legal standard applicable to a motion to proceed *in forma pauperis*. 335 U.S. 331 (1948). An affidavit of poverty is sufficient if it reflects that the plaintiff cannot pay the court's filing fee without depriving himself the "necessities of life." *Id*. at 339 (internal quotation marks omitted). Although the plaintiff need not be totally destitute to proceed *in forma pauperis*, paying the filing fee must be more than a mere hardship. *See Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (noting that "the question is whether the court costs can be paid without undue hardship"). Consequently, unless it is clear that the one-time payment of the Court's filing fee will render the plaintiff unable to provide for himself, the Court cannot grant him *in forma pauperis* status. *See Adkins*, 335 U.S. at 339.

In addition to considering an individual IFP applicant's monthly income, federal courts have consistently considered the IFP applicant's other financial resources, including resources that could be made available from the applicant's spouse. *Behmlander v. Comm'r of Soc. Sec.,* No. 12–CV–14424, 2012 WL 5457466, at *2 (E.D. Mich. Oct, 16, 2012); *see also Reynolds v. Crawford,* No. 1:01–cv–877, 2009 WL 3908911, at *1 (S.D. Ohio Nov.17, 2009) ("The case law also directs the courts to consider the income and assets of the applicant's spouse in assessing an application to proceed *in forma pauperis.*") (collecting cases); *Monti v. McKeon,* 600 F.Supp. 112, 114 (D.C onn.), *aff'd,* 788 F.2d 1 (2d Cir.1985) (Table Decision) ("If the plaintiff is supported by her spouse, and her spouse is financially able to pay the costs of this appeal, it follows that the plaintiff's own lack of funds will not prevent her from gaining access to the courts."). The decision whether to permit a litigant to proceed IFP is within the Court's discretion. *See Ciavarella v. Comm'r of Soc. Sec.,* 2013 WL 5354091 at * 1 (N.D. Ohio Sept. 24, 2013).

In his affidavit, Plaintiff says he has a job and earns $2,000 per month. (Doc. 1 at 2). Further, his spouse is employed and earns $4,000 a month. (*Id.*). While Plaintiff lists numerous monthly expenses, he and his spouse's income per month exceeds his monthly expenses. (*Id.* at 3 (listing expenses totaling approximately $4,865 per month)). In short, it does not appear that paying the one-time filing fee would cause Plaintiff to be deprived of the necessities of life. *See Adkins*, 335 U.S. at 339; *see also Bush v. Ohio Dep't of Rehab. & Corr.*, No. 2:05-CV-0667, 2007 WL 4365381, at *1 (S.D. Ohio Dec. 10, 2007) (noting that "*[i]n forma pauperis* status is usually reserved either for indigent prisoners or for persons . . . who would truly be required to forego food, shelter, clothing, or some other necessity were they to devote any of their scant resources to paying a judicial filing fee").

Accordingly, the Undersigned **RECOMMENDS** Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1) be **DENIED**. If this report and recommendation is adopted, the Undersigned also **RECOMMENDS** Plaintiff be ordered to pay the filing fee **within ten (10) days** of the date of that order.

**Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Date: October 26, 2026

*/s/ Kimberly A. Jolson*
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE